CHARLES K. CHINEDUH (273258)
Charles.Chineduh@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone:  310.596.4500

Attorneys for Defendant
Protective Asset Protection, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE VACCARO, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PROTECTIVE ASSET PROTECTION, INC., and DOES 1-100, and EACH OF THEM, <br><br> Defendants. | Case No.  2:25-cv-08918 <br><br> *[Removed from Los Angeles County Superior Court, Case No. 25STCV23970)* <br><br> **DEFENDANT PROTECTIVE ASSET PROTECTION, INC.'S NOTICE OF REMOVAL** <br><br> *[Filed concurrently with the Declarations of Genalyn Gilliam and Charles K. Chineduh]* <br><br> Complaint Filed:  August 12, 2025 |

- 1 -

Case No.

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Protective Asset Protection, Inc. ("PAP"), by and through its undersigned counsel, hereby removes Case Number 25STCV23970, styled *Dave Vaccaro, et al. v. Protective Asset Protection, Inc., et al.,* from the Superior Court of the State of California for the County of Los Angeles (the "State Court Action") to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), as well as 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because, as discussed below, this is a putative class action involving more than 100 putative class members; the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000; and there is minimal diversity between PAP and members of the putative class. This Notice of Removal is being filed without prejudice to the objections and defenses of PAP.

Removal of this action is proper for the following reasons:

## I.   **PLEADINGS AND PROCESS**

1.     On August 12, 2025, Plaintiff Dave Vaccaro ("Plaintiff") commenced this putative class action, filing his original Complaint in the Superior Court for the State of California for the County of Los Angeles, titled *Dave Vaccaro, individually, and on behalf of all others similarly situated v. Protective Asset Protection, Inc., and Does 1-100*, Case No. 25STCV23970. *See generally* Complaint ("Compl."), attached in Exhibit A to the Declaration of Charles K. Chineduh ("Chineduh Decl."), filed concurrently with this Notice of Removal.

2.     Plaintiff filed the Complaint on behalf of himself and "[a]ll persons in California who, within one year prior to the filing of this action, placed inbound customer service telephone calls to Defendant from a cellular telephone and had their calls recorded without their knowledge or consent" (the "Putative Class"). *See* Compl. ¶¶ 22–23. Plaintiff asserts one cause of action: invasion of privacy in violation of California Penal

Code § 632.7. *Id.* ¶¶ 36–43. Plaintiff alleges PAP illegally recorded inbound cellular telephone calls made by Plaintiff and the Putative Class without their consent, thereby invading their privacy. *Id.* ¶ 1. Based on this claim, Plaintiff seeks monetary damages, statutory damages, injunctive relief, punitive damages, prejudgment interest, and attorneys' fees. *Id.* ¶¶ 43, 44–52 (Prayer for Relief).

3.    PAP was first served with the Summons and Complaint on August 22, 2025. Chineduh Decl. at ¶ 4, Exhibit A.

4.    Pursuant to 28 U.S.C. § 1446(a), PAP has attached all process, pleadings, and orders filed and served upon it in the State Court Action as Exhibit A to the Chineduh Declaration.

## II.    CITIZENSHIP OF THE PARTIES

### A.    Citizenship of Plaintiffs.

5.    Plaintiff was at the filing of the State Court Action, and is now, a citizen of the State of California presently residing in Los Angeles County. Compl. ¶ 5.

6.    Plaintiff seeks to represent a putative class of policyholders in California. *Id.* ¶ 23.

### B.    Citizenship of Defendants.

7.    PAP was at the time of the filing of the Action, and is now, a Missouri corporation with its principal place of business in St. Louis, Missouri. *See* Declaration of Genalyn Gilliam ("Gilliam Decl.") at ¶ 5.  At no relevant time has PAP been a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of cases. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011) ("To determine diversity of citizenship in the context of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its principal place of business").

8.    The citizenship of the fictitious defendants is disregarded for purposes of establishing diversity jurisdiction upon removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under

section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("This Court finds that not only is the plain language of Section 1441(b) clear in mandating that courts should disregard the citizenship of fictitious defendants when evaluating whether diversity jurisdiction exists on a motion to remand, but the legislative history corroborates and confirms this conclusion.").

## III.   THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

9.   CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants.  To that end, CAFA expands federal jurisdiction over class actions, and expressly provides that class actions filed in state court are removable to federal court where: (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *accord Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

### A.   This Action is a "Class Action" Under CAFA.

10.   This matter qualifies as a class action under CAFA because it is a civil action filed under a "[s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" as set out in 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a). *See* Compl. ¶¶ 22–35.

### B.   The Putative Class Exceeds 100 Members.

11.   CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). That requirement is readily met here.

12.   As detailed above, Plaintiff defines the putative class as follows: "All persons in California who, within one year prior to the filing of this action, placed inbound customer service telephone calls to Defendant from a cellular telephone and had

their calls recorded without their knowledge or consent." Compl. ¶ 23. Plaintiff further alleges there are "thousands, if not more," members in the Class. Compl. ¶ 24. Based upon this class definition, the putative class well exceeds 100 persons.

13.    Moreover, between August 12, 2024 and August 12, 2025, the Protective Asset Protection division of Protective Life Insurance Company recorded at least 1,001 telephone calls with California residents, who may be members of the Class. *See* Gilliam Decl. at ¶ 4. Accordingly, this requirement is met.

**C.    Minimal Diversity Exists.**

14.    The second CAFA requirement is minimal diversity—at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2).

15.    Plaintiff is a citizen of California. *See* Compl. ¶ 5. Moreover, Plaintiff has repeatedly identified himself as a citizen of California, including in publicly available civil complaints filed in 2012, 2014, 2019, and 2021. *See, e.g., Vaccaro v. Reliant Capital Solutions, LLC,* Case No. 12-CV-2508-BTM-WMC (S.D. Cal. 2012) at ECF 1, ¶ 5 ("Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California."); *Vaccaro v. Crown Home Center, Inc.*, Case No. CV-14-03018-JAK-JEM (C.D. Cal. 2014) at ECF 1, ¶ 4 (same); *Vaccaro v. Nextdoor.Com, Inc.,* Case No. 2:19-cv-10363-TJH-E (C.D. Cal. 2019) (same); *Vaccaro v. HIMS, Inc.*, Case No. 3:21-cv-01735-AGT (N.D. Cal. 2021), at ECF 1, ¶ 9 (same).

16.    PAP was at the time of the filing of the Action, and is now, a Missouri corporation with its principal place of business in St. Louis, Missouri. *See supra,* ¶ 7.

17.    Thus, the minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2).

**D.    The Aggregate Amount in Controversy Exceeds $5,000,000.**

18.    CAFA provides for original jurisdiction where the amount in controversy "exceeds $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In calculating this amount, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). The notice of removal "need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied."). Evidence establishing the amount in controversy is only required once the plaintiff challenges or the court questions the defendant's allegation. *Id*.[1]

19.     Plaintiff alleges an amount in controversy exceeding $5,000,000. To this end, Plaintiff alleges that PAP illicitly recorded telephone conversations with Plaintiff and "thousands" of Class members, without their knowledge or consent, between August 12, 2024 and August 12, 2025 (the "Class Period"), in violation of California Penal Code § 632.7. Compl. ¶¶ 1, 2, 23–24. Moreover, during this time, the Protective Asset Protection division of Protective Life Insurance Company recorded at least 1,001 telephone calls with California residents, who may be members of the Class. Gilliam Decl. ¶ 4. Plaintiff further alleges each proposed class member is entitled to the greater of $5,000 in statutory damages or three times actual damages per alleged violation. Compl. ¶ 45. Thus, the aggregate damages alleged is at least $5,000,000.[2] *See Vaccaro v. Altais*, 2023 WL 7003211, at *4 (C.D. Cal. Oct. 23, 2023) (multiplying alleged number of class members by the $5,000 statutory penalty to determine amount in controversy); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (holding that multiplying the alleged number of class members by the alleged damages per class member is a reasonable basis to ascertain the amount in controversy); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (same).

---

[1] PAP's statement of the amount at issue in this removal is solely for the purpose of establishing subject matter jurisdiction under CAFA. This statement should not be used as an admission and cannot be used to support damages for any other purpose in this case. *See LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015).
[2] $5,000 x 1,001 = $5,005,000.

Case No.

20. Plaintiff also seeks punitive damages, injunctive relief in the form of "an order requiring Defendant to disgorge all ill-gotten gains and awarding . . . full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct," and attorneys' fees. Compl. ¶¶ 43, 47, 49.

21. The Ninth Circuit has made clear that punitive damages, attorneys' fees, and injunctive relief must be considered in determining the amount in controversy. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (value of requested injunctive relief).

22. Accordingly, the amount in controversy requirement is met.

## IV. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

23. PAP was first served with the Summons and Complaint on August 22, 2025. *See* Chineduh Decl. at ¶ 4. Pursuant to 28 U.S.C. § 1446(b), PAP is filing this Notice of Removal within thirty (30) days of service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that time for removal does not begin to run prior to service of process).

24. Because the Superior Court of the State of California for the County of Los Angeles is located within the Central District of California, this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1441, and 1446.

25. PAP has attached all process, pleadings, and orders filed and served upon it in the Action as Exhibit A to the Chineduh Declaration, pursuant to 28 U.S.C. § 1446(a).

26. A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, will be filed promptly in the Superior Court of the State of California, County of Los Angeles, in accordance with the provisions of 28 U.S.C. § 1446(d).

27. Written notice of the filings of this Notice of Removal will be given to the adverse party as required by law.

28. If any question arises as to the propriety of the removal of this action, PAP respectfully requests the opportunity to present a brief, oral argument, and evidence in

support of its position that this case was properly removed.

29.   PAP reserves any right to amend this Notice of Removal not expressly reserved under 28 U.S.C. § 1653.

30.   PAP does not waive, and expressly reserves, its right to enforce any arbitration agreement applicable to this dispute and to compel arbitration.

31.   PAP reserves all other rights, defenses, and objections, including, but not limited to, all defenses listed in Federal Rule of Civil Procedure 12(b), and files this Notice of Removal subject to, and without waiver of, any such rights, defenses, and/or objections.

WHEREFORE, PAP hereby gives notice that all further proceedings in this matter shall take place in the United States District Court for the Central District of California, unless and until held otherwise by that Court.

Dated:  September 18, 2025                    MAYNARD NEXSEN LLP


                                        By:  */s/ Charles K. Chineduh*
                                        CHARLES K. CHINEDUH
                                        Attorneys for Defendant
                                        Protective Asset Protection, Inc.

# CERTIFICATE OF SERVICE

*Dave Vaccaro v. Protective Asset Protection, Inc., et al.*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **September 18, 2025**, I served the document(s) entitled, **DEFENDANT PROTECTIVE ASSET PROTECTION, INC.'S NOTICE OF REMOVAL**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
LAW OFFCES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Road, Suite 105
Calabasas, CA 91302
Tel: 818.619.3774
Email: abacon@toddflaw.com
        tfriedman@toddflaw.com

**[X] (BY MAIL)**: I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**[X] (COURTESY COPY BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated on the attached Service List electronic mail addresses as indicated above.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **September 18, 2025**, at Los Angeles, California.

_____
Susan Song